```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X     Civil Action No. _____
SKIDDIES, INC.,
                                                COMPLAINT
            Plaintiff,

    -against-

SELDAT, INC., SELDAT DISTRIBUTION,
INC. (CA entity), SELDAT DISTRIBUTION,
INC. (NJ entity), SELDAT LIMITED
LIABILITY PARTNERSHIP, SELDAT
DISTRIBUTION CORPORATION, SELDAT
TRANSPORTATION INC., SELDAT CORPORATION,
SELDAT STAFFING, and ABC CORP.,

            Defendants.
------------------------------------X
```

Plaintiff Skiddies, Inc., by its attorney, Gabriel Fischbarg, Esq., as and for its Complaint against defendants herein, alleges as follows:

1. At all relevant times, plaintiff was and still is a privately held corporation organized and existing pursuant to the laws of the State of New York with a principal place of business in New York.

2. Upon information and belief, defendant Seldat, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business in New Jersey.

3. Upon information and belief, defendant Seldat Distribution, Inc. is a corporation organized and existing under the laws of the State of California with a principal place of business in New Jersey.

4.   Upon information and belief, defendant Seldat

Distribution, Inc. is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business in New Jersey.

5.   Upon information and belief, defendant Seldat Limited Liability Partnership is a limited liability partnership organized and existing under the laws of the State of New Jersey with a principal place of business in New Jersey.

6.   Upon information and belief, defendant Seldat Distribution Corporation is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business in New Jersey.

7.   Upon information and belief, defendant Seldat Transportation Inc. is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business in New Jersey.

8.   Upon information and belief, defendant Seldat Corporation is a corporation organized and existing under the laws of the country of Canada with a principal place of business in New Jersey.

9.   Upon information and belief, defendant Seldat Staffing is an entity organized and existing under the laws of an unknown State with a principal place of business in New Jersey.

10.  Upon information and belief, defendant ABC Corp. is an entity with a name currently unknown to plaintiff organized and existing under the laws of an unknown State with a principal place of business in New Jersey and under the control of Daniel Dadoun,

a Canadian citizen residing in New Jersey.

11.   Upon information and belief, defendants, and each of them, were the agents, partners, joint-venturers, co-conspirators, owners, principals, shareholders, and/or members of the remaining defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, partnership, conspiracy, ownership, membership or joint venture, and that the acts and conduct herein alleged of each such defendant were known to, authorized by, and/or ratified by the other defendants, and each of them.

12.   This action arises under 28 U.S.C. 2201(a) (Declaratory Judgment Act) and 28 U.S.C. 1332 (a)(1), i.e., as a civil action between citizens of different states with the matter in controversy exceeding the value of $75,000.00, exclusive of interest and costs. Pendent jurisdiction over all claims and parties arising from the same nucleus of operative facts lies in consideration of judicial economy, convenience, and fairness to litigants.  Venue is proper in this District.

13.   On or about January, 2012, plaintiff, on the one hand, and each defendant and any other entity under the control of Daniel Dadoun, on the other hand, entered into an agreement whereby plaintiff agreed to provide each such defendant and/or entity with customers who would utilize transportation and warehouse services provided by each such defendant and/or entity. In return for plaintiff's providing such customers to each defendant and/or entity, each defendant and/or entity agreed to

3

provide plaintiff with five percent (5%) of the total gross revenues received by each such defendant and/or entity paid by each such customer as long as each such customer continued to purchase such services from any such defendant and/or entity. In return for plaintiff's providing such customers to each defendant and/or entity, each defendant and/or entity agreed to provide proper, standard and satisfactory transportation and warehousing services to such customers.

14. On or about February, 2016, plaintiff, on the one hand, and each defendant and any other entity under the control of Daniel Dadoun, on the other hand, entered into an agreement whereby plaintiff agreed to provide each such defendant and/or entity with customers who would utilize staffing services provided by each such defendant and/or entity. In return for plaintiff's providing such customers to each defendant and/or entity, each defendant and/or entity agreed to provide plaintiff with five percent (5%) of the total gross revenues received by each such defendant and/or entity paid by each such customer as long as each such customer continued to purchase such services from any such defendant and/or entity. In return for plaintiff's providing such customers to each defendant and/or entity, each defendant and/or entity agreed to provide proper, standard and satisfactory staffing services to such customers.

15. From approximately January, 2012 until the present, plaintiff properly provided defendants with approximately 30 customers who purchased transportation, warehouse and/or staffing

services from the defendants.

16. From approximately January, 2012 to the present, defendants paid plaintiff at least $300,000 per year in connection with the 5% payments due plaintiff from defendants.

17. From approximately January, 2012 to the present, defendants have refused to provide plaintiff with an accounting to show the exact amount due plaintiff in connection with their agreement.

18. On or about October 28, 2016, defendants informed plaintiff that defendants would no longer pay plaintiff its 5% share of the gross revenues due plaintiff.

19. Upon information and belief, approximately 25 customers provided by plaintiff to defendants continue to purchase services from the defendants.

20. Upon information and belief, from approximately January, 2012 to the present, defendants have not paid plaintiff the correct amount due plaintiff pursuant to their agreement (i.e., 5% of the gross revenues received by defendants).

## FIRST CAUSE OF ACTION
### (Breach of Agreement against Defendants)

21. Plaintiff has properly performed under the agreement between plaintiff and defendants.

22. In breach of the agreement, defendants have refused to pay plaintiff the correct amount due to plaintiff under the agreement (i.e., 5% of the gross revenues received by defendants) from customers provided by plaintiff to defendants).

23. As a result of such breach of agreement, plaintiff has been damaged in an amount to be proven at trial, but which is at least $3 million plus interest thereon.

### SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)

24. Plaintiff repeats and realleges the allegations of paragraphs 1 through 23 of the complaint as if set fully set forth herein.

25. Upon information and belief, in violation of the covenant of good faith and fair dealing contained within the agreement between plaintiff and defendants, defendants orchestrated the theft of goods belonging to Sunrise Touch, a customer of National Stores, Inc. ("NSI"), a customer provided by plaintiff to defendants in approximately 2012 pursuant to their agreement.  Upon information and belief, in approximately 2016, NSI had hired defendants to transport certain goods of Sunrise Touch to NSI.  Upon information and belief, defendants and/or its owner (Daniel Dadoun) stole such goods in approximately July, 2016.  The stolen goods were then stored in a warehouse operated by defendants in Fontana, California in July, 2016 and August, 2016. Such goods were then seized by California law enforcement authorities in August, 2016.  Upon information and belief, a warrant for the arrest of Daniel Dadoun, the owner of the defendants, will be issued by the State of California in approximately November, 2016 in connection with the theft of goods.

26. Upon information and belief, in violation of the covenant of good faith and fair dealing contained within the agreement between plaintiff and defendants, defendants orchestrated the theft of goods belonging to various customers including, without limitation, NSI, Just One, Elite Brands, W. Appliance, Ecolo, Concepts in Time, Desire Sportswear, Pantie Plus Inc., Wicked Fashions Inc., Longstreet and Sunrise Touch.  Upon information and belief, in approximately 2016, NSI and certain other customers had hired defendants to transport such goods.  Upon information and belief, defendants and/or its owner (Daniel Dadoun) stole such goods in approximately July, 2016.  Upon information and belief, the stolen goods were then stored in a warehouse operated by defendants in Burlington, New Jersey in July, 2016 and August, 2016.  Upon information and belief, in August, 2016, defendants and/or its owner (Daniel Dadoun) then moved the stolen goods to a warehouse at 400 Kennedy Drive, Sayreville, New Jersey, and then shipped them overseas.

27. From 2012 until approximately July, 2016, NSI continuously purchased transportation and/or warehousing services from defendants.  Pursuant to the agreement between plaintiff and defendants, such purchases entitled plaintiff to 5% of the gross revenues received by defendants from such purchases.

28. Upon information and belief, from 2012 to 2016, NSI purchased at least $12 million each year in transportation and warehousing services from defendants each year.  As a result of the thefts described above, NSI has terminated its business

relationship with plaintiff and defendants in connection with such services. But for the thefts by defendants, NSI would not have terminated its continuous purchase of such services from defendants. The thefts orchestrated by defendants constitute a breach of the covenant of good faith and fair dealing contained with the agreement between plaintiff and defendants.

29. In further breach of the covenant of good faith and fair dealing contained within the agreement between plaintiff and defendants, defendants failed to provide certain customers provided by plaintiff to defendants (besides NSI) with proper, standard and satisfactory services. As a result of such failures by defendants, such customers terminated their respective business relationships with plaintiff and defendants.

30. As a result of such breaches of the covenant of good faith and fair dealing, plaintiff has been deprived reasonably foreseeable and quantifiable past and future income pursuant to the agreement between plaintiff and defendants and/or an agreement between plaintiff and other companies providing the same services as defendants (i.e. 5% of the gross revenues that would have been paid by NSI and other customers that terminated their relationships with defendants and plaintiff to defendants and/or other companies providing the same services as defendants).

31. As a result of such breach of agreement, plaintiff has been damaged in an amount to be proven at trial but which is at least $3 million plus interest thereon.

**THIRD CAUSE OF ACTION**

**(Breach of Agreement against Defendants)**

32.   Plaintiff repeats and realleges the allegations of paragraphs 1 through 31 of the Complaint as if set fully set forth herein.

33.   Plaintiff has properly performed under the agreement between plaintiff and defendants.

34.   In breach of said agreement, defendants failed to provide certain customers provided by plaintiff to defendants with proper, standard and satisfactory services required by the agreement between plaintiff and defendants.  As a result of such failures by defendants, such customers terminated their respective business relationships with plaintiff and defendants.

35.   As a result of such breaches of the agreement between plaintiff and defendants, plaintiff has been deprived reasonably foreseeable and quantifiable past and future income pursuant to the agreement between plaintiff and defendants and/or an agreement between plaintiff and other companies providing the same services as defendants (i.e. 5% of the gross revenues that would have been paid by the customers that terminated their relationships with defendants and plaintiff to defendants and/or other companies providing the same services as defendants).

36.   As a result of such breach of agreement, plaintiff has been damaged in an amount to be proven at trial but which is at least $3 million plus interest thereon.

**FOURTH CAUSE OF ACTION**
**(Accounting)**

37. Plaintiff repeats and realleges the allegations of paragraphs 1 through 36 of the Complaint as if set fully set forth herein.

38. Defendants have received monies from customers provided by plaintiff to defendants who otherwise would have retained other companies provided by plaintiff besides the defendants to provide such services.

39. The exact amount of monies received by defendants can only be determined by an accounting. Plaintiff is informed and believes and on that basis alleges that the interests realized to date from the business opportunities defendants have improperly diverted and exploited for themselves from plaintiff to date are in excess of $3,000,000.00.

40. Plaintiff has demanded an accounting by defendants of all amounts received as a result of the exploitation and diversion of plaintiff's business opportunities and customers by defendants. Defendants have failed and refused, and continue to fail and refuse, to render such an accounting or to pay plaintiff the reasonable sums due, which plaintiff hereby demands (namely, 5% of the gross revenues received by defendants from customers provided by plaintiff to defendants).

### FIFTH CAUSE OF ACTION
### (Declaratory Judgment)

41. Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 of the Complaint as if set fully set forth herein.

10

42. On or about September 11, 2015, defendants agreed in writing to provide plaintiff with 3% ownership in each defendant in return for plaintiff's continuing to provide defendants with customers that purchase the services of defendants.

43. After September 11, 2015, plaintiff continued to provide defendants with customers who purchased services from defendants.

44. Since September 11, 2015, defendants have not provided plaintiff with any additional documentation memorializing plaintiff's 3% ownership of the defendants.

45. On or about November 2, 2016, defendants informed plaintiff that it would not provide plaintiff with 3% ownership in the defendants.

46. Plaintiff requests that the court issue a declaratory judgment that plaintiff owns 3% of the defendants.

## JURY DEMAND

Plaintiff demands a trial by jury.

WHEREFORE, the plaintiff respectfully prays the Court for judgment as follows:

a. On the first cause of action, for judgment against defendants, and each of them, in the amount to be provable at trial, but believed to be at least three million dollars, with interest thereon, together with the costs and disbursements of this action; plus exemplary damages in an amount to be determined.

b. On the second cause of action, for judgment against defendants, and each of them, in the amount to be provable at

trial, but believed to be at least three million dollars, with interest thereon, together with the costs and disbursements of this action; plus exemplary damages in an amount to be determined.

    c.  On the third cause of action, for judgment against defendants, and each of them, in the amount to be provable at trial, but believed to be at least three million dollars, with interest thereon, together with the costs and disbursements of this action; plus exemplary damages in an amount to be determined.

    d.  On the fourth cause of action, for judgment against defendants, and each of them, for a full accounting and the full payment of the amounts due from defendants to plaintiff, together with interest thereon, together with the costs and disbursements of this action.

    e.  On the fifth cause of action, for a declaratory judgment that plaintiff owns 3% of the defendants, together with the costs and disbursements of this action.

Dated:    New York, New York
             November 8, 2016      _____/s/_____
                                         Gabriel Fischbarg, Esq,
                                         230 Park Avenue, #900
                                         New York, New York 10169
                                         917-514-6261
                                         Attorney for Plaintiff