UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKIDDIES, INC. and JOSEPH FRANCO,<br><br>                            Plaintiffs,<br><br>- against -<br><br>SELDAT, INC., SELDAT DISTRIBUTION, INC. (CA entity), SELDAT DISTRIBUTION, INC. (NJ entity), SELDAT LIMITED LIABILITY PARTNERSHIP, SELDAT DISTRIBUTION CORPORATION, SELDAT TRANSPORTATION INC., SELDAT CORPORATION, SELDAT STAFFING, DANIEL DADOUN and ABC CORP.,<br><br>                            Defendants. | Case No. 16-cv-8709 (WHP)<br><br>**DECLARATION OF DANIEL**<br>**DADOUN IN SUPPORT** |

      DANIEL DADOUN declares as follows pursuant to 28 U.S.C. §1746:

      1.      I am a defendant in this action and the President of defendant Seldat, Inc. ("Seldat"). I respectfully make this Declaration in support of defendants' motion to disqualify Gabriel Fischbarg as plaintiffs' counsel in this action because he and I had substantive communications concerning matters that are central to plaintiffs' claims in this case. Except as otherwise stated below, I have personal knowledge of all matters stated herein.

      2.      This action concerns commissions that plaintiffs claim they are owed from the Seldat defendants. Defendants' contend that plaintiffs were overpaid in excess of $1.1 million.

      3.      At the center of the dispute is Seldat's relationship with one of its customers, National Stores Inc. ("NSI"). Plaintiffs claim that NSI was one of their accounts and therefore they are entitled to commissions from sales to NSI. Defendants dispute that claim. NSI features prominently in plaintiffs' first amended complaint, in which plaintiffs go into great detail regarding an alleged dispute between Seldat and NSI which supposedly involved Seldat's theft of NSI's

merchandise. Plaintiffs claim that Seldat's actions vis-à-vis NSI resulted in Seldat losing the NSI account. Plaintiffs are also seeking damages from that lost business.

4. In the fall of 2016, Seldat was seeking new counsel to represent them in their dispute with NSI, which was a collection dispute for non-payment of invoices. Seldat had previously retained Mr. Fischbarg as its attorney on other matters, most recently in 2013.

5. Accordingly, I contacted Mr. Fischbarg to discuss him taking over representation for Seldat in its dispute with NSI. When I called Mr. Fischbarg he was unable to speak with me then so we arranged to speak again shortly.

6. Subsequently, on September 11, 2016, Mr. Fischbarg called me back and we spoke for, as indicated in my phone records, 23 minutes. (The relevant phone records are annexed hereto as **Exhibit A**). The vast majority of the discussion during that phone call concerned Seldat's dispute with NSI (the balance of the call concerned other legal matters that I was considering having Mr. Fischbarg handle for Seldat). During that conversation, we discussed all aspects of the dispute between Seldat and NSI and I provided him with confidential information which I believe he was not aware of.

7. At the end of the call, we agreed that Mr. Fischbarg would begin representing Seldat and we subsequently agreed to meet. To my surprise, Mr. Fischbarg advised me the morning of our meeting that that he would instead be representing Mr. Franco. (Copies of my text communications with Mr. Fischbarg to this effect are annexed hereto as **Exhibit B**).

8. I understand that Mr. Fischbarg claims that all the confidential information alleged in the complaint was learned from another source. However, the email he provided as the alleged "source" was sent on November 1, 2016, weeks after I spoke with Mr. Fischbarg concerning the NSI matter and gave him information concerning the dispute with NSI, including for example,

what NSI was claiming, what Seldat believed it owed to NSI, the specifics concerning the alleged theft of merchandise, and other confidential information that neither plaintiffs nor NSI were aware of.

9. I believe it is unethical for Mr. Fischbarg to be representing my adversary after I gave him confidential information about a matter that is at the heart of this case.

I declare under penalty of perjury that the foregoing is true and correct.  Executed at New York, New York on July 3, 2017.

_____
DANIEL DADOUN