UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKIDDIES, INC. and JOSEPH FRANCO,<br><br>                        Plaintiffs,<br><br>- against -<br><br>SELDAT, INC., SELDAT DISTRIBUTION, INC. (CA entity), SELDAT DISTRIBUTION, INC. (NJ entity), SELDAT LIMITED LIABILITY PARTNERSHIP, SELDAT DISTRIBUTION CORPORATION, SELDAT TRANSPORTATION INC., SELDAT CORPORATION, SELDAT STAFFING, DANIEL DADOUN and ABC CORP.,<br><br>                        Defendants. | Case No. 16-cv-8709 (WHP) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISQUALIFY**

Defendants Seldat, Inc. ("Seldat") and Daniel Dadoun ("Dadoun") (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to disqualify Gabriel Fischbarg as plaintiffs' counsel in this action pursuant to New York Code of Professional Conduct Rule 1.18.  As set forth in the accompanied Declaration from Daniel Dadoun, Seldat communicated with Mr. Fischbarg and discussed confidential information concerning Seldat's dispute with National Stores, Inc., which is at the center of plaintiffs' claims in this case, prior to his representing the plaintiffs and filing this action.

**Facts**

This action concerns commissions that plaintiffs claim they are owed from the Seldat defendants.  Defendants' contend that plaintiffs were overpaid in excess of $1.1 million.

At the center of the dispute is Seldat's customer, National Stores Inc. ("NSI").  Plaintiffs claim that NSI was one of their accounts and therefore they are entitled to commissions from sales

to NSI. Defendants dispute that claim. The claim for NSI commissions forms the bulk of plaintiffs' monetary claims in this case.

NSI features prominently in plaintiffs' first amended complaint, in which plaintiffs go into great detail regarding an alleged dispute between Seldat and NSI which supposedly involved Seldat's theft of NSI's merchandise. Plaintiffs claim that Seldat's actions vis-à-vis NSI resulted in Seldat losing the NSI account. Plaintiffs are also seeking damages from that lost business.

In the fall of 2016, Seldat was seeking new counsel to represent them in their dispute with NSI, which was a collection dispute for non-payment of invoices. Seldat had previously retained Mr. Fischbarg as its attorney on other matters, most recently in 2013.

Accordingly, Dadoun contacted Mr. Fischbarg to discuss whether Fischbarg would represent Seldat in its dispute with NSI. They were unable to speak at that time but subsequently, on September 11, 2016, Mr. Fischbarg called Dadoun back and they spoke for a total of 23 minutes. The vast majority of the discussion during that phone call concerned Seldat's dispute with NSI (the balance of the call concerned other legal matters that Seldat was considering having Mr. Fischbarg handle). During that conversation, Dadoun and Mr. Fischbarg discussed all aspects of the dispute between Seldat and NSI and Dadoun disclosed Seldat's confidential information to Mr. Fischbarg regarding that matter.

At the end of the call, Dadoun and Mr. Fischbarg agreed that Mr. Fischbarg would begin representing Seldat and they scheduled a time to meet. On the day of the meeting, Mr. Fischbarg advised Dadoun that that he would instead be representing Mr. Franco.

**Argument**

Disqualification of a party's attorney generally rests in the discretion of the court. *Cohen v. Cohen*, 125 A.D.3d 589, 2 N.Y.S.3d 605 (2d Dep't 2015); *Cresswell v. Sullivan & Cromwell*,

922 F.2d 60 (2d Cir. 1990). Under the New York Code of Professional Conduct Rule 1.18, communications with a "prospective client" is grounds for disqualification where the lawyer has received information that could be significantly harmful to that person in the matter. "Doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety." *Cohen*, 125 A.D.3d at 589; *Hull v. Celanese Corp.*, 513 F.2d 568 (2d Cir. 1975). Stated otherwise, "[a]n attorney must avoid not only the fact but also the appearance of representing conflicting interests." *Lee v. Cintron*, 25 Misc.3d 1210(A), 2009 WL 3199222 (Sup. Queens Co. Oct. 6, 2009).

In *Burton v. Burton*, 139 A.D.2d 554, 527 N.Y.S.2d 53 (2d Dep't 1988), the defendant had consulted with the plaintiff's counsel 6 months before this divorce action was commenced. It was undisputed that during the consultation the defendant and the plaintiff's counsel had discussed the parties' finances. There was a dispute as to whether they had also discussed grounds for a divorce.

The Appellate Division granted the defendant's motion to disqualify the plaintiff's counsel. Noting the necessity to "avoid the appearance of impropriety," the court noted that it was possible to infer that the plaintiff's counsel had obtained confidential or strategically valuable information regarding the parties' finances. The court also held that it was not relevant that the defendant did not formally retain the plaintiff's counsel. *See also Liu v. Real Estate Investment Group, Inc.*, 771 F.Supp. 83 (S.D.N.Y. 1991).

Applying these standards of law here, Mr. Fischbarg must be disqualified. While Mr. Fischbarg alleged at the court conference held on March 2, 2017 that he only had a "brief" conversation that Dadoun allegedly initiated, that statement is belied by telephone records conclusively showing that the call was for 23 minutes and was initiated by Mr. Fischbarg. As noted above, during that conversation, Dadoun disclosed confidential information concerning the

disputes he was having with NSI, a dispute that is central to plaintiffs' claims in this action and, indeed, form the bulk of plaintiffs' damages claim against Seldat.

The fact that Seldat did not ultimately retain Mr. Fischbarg, after Mr. Fischbarg decided to represent Mr. Franco instead, makes no difference under Rule 1.18. Given Mr. Fischbarg's lack of candor with the court and telephone records confirming Dadoun's position that he had a long, substantive conversation about the NSI dispute, Mr. Fischbarg must be disqualified to avoid any appearance of impropriety.

Dated: New York, New York
        July 3, 2017

**WACHTEL MISSRY LLP**

By: ___/s  David Yeger___
    John H. Reichman
    David Yeger
    885 Second Avenue, 47th Floor
    New York, New York 10017
    (212) 909-9500
    (212) 371-0320 (fax)
    reichman@wmllp.com
    dyeger@wmllp.com
    *Attorneys for Defendants*