UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKIDDIES, INC. and JOSEPH FRANCO,<br><br>                              Plaintiffs,<br><br>          - against -<br><br>SELDAT, INC., SELDAT DISTRIBUTION, INC. (CA entity), SELDAT DISTRIBUTION, INC. (NJ entity), SELDAT LIMITED LIABILITY PARTNERSHIP, SELDAT DISTRIBUTION CORPORATION, SELDAT TRANSPORTATION INC., SELDAT CORPORATION, SELDAT STAFFING, DANIEL DADOUN and ABC CORP.,<br><br>                              Defendants. | Case No. 16-cv-8709 (WHP)<br><br><br>**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES AND <u>COUNTERCLAIMS</u>** |

Defendants, by and through the undersigned counsel, Wachtel Missry LLP, hereby assert

the following in response to Plaintiffs' First Amended Complaint and as for their Counterclaims:

<u>ANSWER</u>

1.      Lack sufficient information or knowledge sufficient to form a belief as to the truth

of the allegations in paragraph 1.

2.      Admit the allegations in paragraph 2.

3.      Deny the allegations in paragraph 3.

4.      Deny the allegations in paragraph 4.

5.      Deny the allegations in paragraph 5.

6.      Deny the allegations in paragraph 6.

7.      Deny the allegations in paragraph 7.

8.      Deny the allegations in paragraph 8.

9.      Admit that Seldat Staffing has its principal place of business in New Jersey in

response to paragraph 9.

10.     Admit that Daniel Dadoun is a Canadian citizen, and otherwise deny the allegations in paragraph 10.

11.     Deny the allegations in paragraph 11.

12.     Lack sufficient information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Deny the allegations in paragraph 13.

14.     Deny the allegations in paragraph 14.

15.     Deny the allegations in paragraph 15.

16.     Deny the allegations in paragraph 16.

17.     Deny the allegations in paragraph 17.

18.     Deny the allegations in paragraph 18.

19.     Deny the allegations in paragraph 19.

20.     Deny the allegations in paragraph 20.

## AS TO THE FIRST CAUSE OF ACTION

21.     Deny the allegations in paragraph 21.

22.     Deny the allegations in paragraph 22.

23.     Deny the allegations in paragraph 23.

## AS TO THE SECOND CAUSE OF ACTION

24.     Repeat and reallege the responses set forth above in response to paragraph 24.

25.     Deny the allegations in paragraph 25.

26.     Deny the allegations in paragraph 26.

27.     Deny the allegations in paragraph 27.

28.     Deny the allegations in paragraph 28.

29.     Deny the allegations in paragraph 29.

30.     Deny the allegations in paragraph 30.

31.     Deny the allegations in paragraph 31.

## AS TO THE THIRD CAUSE OF ACTION

32.     Repeat and reallege herein the responses set forth above in response to paragraph

32.

33.     Deny the allegations in paragraph 33.

34.     Deny the allegations in paragraph 34.

35.     Deny the allegations in paragraph 35.

36.     Deny the allegations in paragraph 36.

## AS TO THE FOURTH CAUSE OF ACTION

37.     Repeat and reallege the responses set forth above in response to paragraph 37.

38.     Deny the allegations in paragraph 38.

39.     Deny the allegations in paragraph 39.

40.     Deny the allegations in paragraph 40.

## AS TO THE FIFTH CAUSE OF ACTION

41.     Repeat and reallege the responses set forth above in response to paragraph 41.

42.     Deny the allegations in paragraph 42.

43.     Deny the allegations in paragraph 43.

44.     Admit the allegations in paragraph 44.

45.     Admit the allegations in paragraph 45.

46.     Paragraph 46 does not require a response.

## AS TO THE SIXTH CAUSE OF ACTION

47.     Repeat and reallege the responses set forth above in response to paragraph 47.

48.     Admit the allegations in paragraph 48.

49.     Admit that "Joey" refers to plaintiff Joseph Franco, and otherwise deny the allegations in paragraph 49.

50.     Deny the allegations in paragraph 50.

51.     Deny the allegations in paragraph 51.

52.     Deny the allegations in paragraph 52.

53.     Deny the allegations in paragraph 53.

54.     Deny the allegations in paragraph 54.

55.     Deny the allegations in paragraph 55.

56.     Deny the allegations in paragraph 56.

57.     Admit that Defendants have not retracted their statement and otherwise deny the allegations in paragraph 57.

58.     Deny the allegations in paragraph 58.

59.     Deny the allegations in paragraph 59.

60.     Deny the allegations in paragraph 60.

## <u>AFFIRMATIVE DEFENSES</u>

1.    The Complaint fails to state a claim for relief.

2.    Plaintiffs' claims are barred by the Statute of Frauds.

3.    Plaintiffs had no business relationship with any of the Defendants other than Seldat.

4.    The relationship between Plaintiffs and Seldat could be terminated at will and the claim for commissions after the date of termination is barred as a matter of law.

5.    The defamation claim is barred under the common interest privilege and because the statements were otherwise privileged and expressions of opinion.

6.    Plaintiffs' claims are barred under the doctrines of laches and estoppel.

7.    Plaintiffs' claims are barred under the doctrines of ratification and/or waiver.

8.    Plaintiffs' have unclean hands.

9.    Plaintiffs have named and sued non-existent entities.

10.   There is no basis for contractual liability against Dadoun.

Defendants do not waive any other applicable defenses and reserve the right to assert other applicable defenses that may become known or available during the course of this action.

## COUNTERCLAIMS

Defendants Seldat Inc. ("Seldat") and Daniel Dadoun ("Dadoun") assert the following for their counterclaims in this action:

### FIRST COUNTERCLAIM
### (Overpaid Commissions)

1.      Seldat is a third-party fulfillment and service provider services including logistics, sales operations support, pick and pack services, storage, inventory management, freight forwarding and light assembly.

2.      In March 2012, Seldat entered into an agreement with Joseph Franco ("Franco") under which Franco was hired to be a sales manager for Seldat (the "Agreement").

3.      Franco's responsibilities, in relevant part, included signing up new customers and maintaining the accounts he closed.

4.      The Agreement was terminable at will by either party.

5.      Under the Agreement, Franco, through his company plaintiff Skiddies, Inc. ("Skiddies"), was to receive a 5% commission on payments from accounts Franco identified, closed and maintained.

6.      Upon information and belief, Skiddies does not have an existence independent of that of Franco.

7.      Franco received a monthly draw against future commissions.

8.      From 2012 through 2016, Plaintiffs received draws of $1,309,660.45 against any commissions he earned.

9.      Pursuant to the terms of the Agreement, Plaintiffs were only entitled to receive commissions of $736,699.74 and were therefore overpaid $572,960.71.

10.      In October 2016, Franco terminated his relationship with the Company.

11.     Seldat is entitled to recover damages of $572,960.71 from Plaintiffs, the amount Plaintiffs were overpaid, with interest.

## SECOND COUNTERCLAIM
### (Defamation)

12.     Defendants repeat and reallege the allegations set forth above.

13.     In December 2016, Franco emailed the Amended Complaint in this action to Seldat's customers.  For example, on December 7, 2016, Franco emailed the Amended Complaint to Norman Didia and Morris Didia, the principals of Elite Brands, Inc., a Seldat customer.

14.     The Amended Complaint asserts upon information and belief the following false and defamatory statements (the "Defamatory Statements"):

(a)     "defendants orchestrated the theft of goods belonging to Sunrise Torch, a customer of National Stores, Inc. ("NSI"); (¶ 25);

(b)     "defendants orchestrated the theft of goods belonging to various customers including, without limitation, NSI, Just One, Elite Brands, W. Appliance, Ecolo, Concepts in Time, Desire Sportswear, Pantie Plus Inc., Wicked Fashions Inc., Longstreet and Sunrise Touch" and "stole such goods in approximately July, 2016" (¶ 26); and

(c)     "a warrant for the arrest of defendant Daniel Dadoun, the owner of the other defendants, will be issued by the State of California in approximately November, 2016 in connection with the theft of goods." (¶ 25).

15.     Defendants did not steal any merchandise from any customer or anyone else.

16.     Defendant Dadoun was not arrested and, upon information and belief, the State of California never considered taking such action.

17.     There was no basis for Plaintiffs to allege that there was a theft of merchandise or that Dadoun would be arrested.

18.     Each of the Defamatory Statements was and is false, defamatory, and not protected by any privilege.

19.     Franco maliciously published the Defamatory Statements with actual knowledge of their falsity or, at a minimum, reckless disregard for the truth.

20.     As a result of the Defamatory Statements, Dadoun's reputation as a trustworthy businessman and Seldat's reputation as a trustworthy business have been impugned, and Seldat's relationships with its customers and potential customers have been undermined.

21.     Defendants Seldat and Dadoun are entitled to recover from Franco compensatory and punitive damages in an amount to be determined at trial.

### THIRD COUNTERCLAIM
**(Injurious Falsehood)**

22.     Defendants repeat and reallege the allegations set forth above.

23.     Franco published the Defamatory Statements with the intent to harm Defendants or did so recklessly and without regards to its consequences.

24.     A reasonably prudent person would have or should have anticipated the damage that would flow from the publication of the Defamatory Statements.

25.     Seldat and Dadoun are entitled to recover compensatory and punitive damages from Franco for Franco's injurious falsehoods in an amount to be determined at trial.

### FOURTH COUNTERCLAIM
**(Tortious Interference with Business Relationships)**

26.     Defendants repeat and reallege the allegations set forth above.

27.     Seldat had business relationships with its customers.

28.     Franco knew of those business relationships.

29.     Franco interfered with Seldat's business relationships with its customers by publishing the Defamatory Statements.

30.     Franco published the Defamatory Statements in order to harm Seldat, to have Seldat's customers stop using Seldat, for his economic advantage and to solicit Seldat's customers for a business that is competitive with Seldat.

31.     Seldat's business relationships with its customers has been damaged by Franco's Defamatory Statements.

32.     Seldat is entitled to recover compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, Defendants respectfully request that the Court:

(i)     Dismiss Plaintiffs' claims;

(ii)    Award Defendants Seldat and Dadoun compensatory and punitive damages; and

(iii)   Grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
         July 19, 2017

                                        **WACHTEL MISSRY LLP**


                                        By: ___/s  David Yeger_____
                                              John H. Reichman
                                              David Yeger
                                              885 Second Avenue, 47th Floor
                                              New York, New York 10017
                                              (212) 909-9500
                                              (212) 371-0320 (fax)
                                              reichman@wmllp.com
                                              dyeger@wmllp.com
                                              *Attorneys for Defendants*

To:     Gabriel Fischbarg, Esq.
        230 Park Avenue, Suite 900
        New York, NY 10169
        (917) 514-6261
        *Attorneys for Plaintiffs*