UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SKIDDIES, INC. and JOSEPH FRANCO,<br><br>          Plaintiffs,<br><br> - against -<br><br>SELDAT, INC., SELDAT DISTRIBUTION, INC. (CA entity), SELDAT DISTRIBUTION, INC. (NJ entity), SELDAT LIMITED LIABILITY PARTNERSHIP, SELDAT DISTRIBUTION CORPORATION, SELDAT TRANSPORTATION INC., SELDAT CORPORATION, SELDAT STAFFING, DANIEL DADOUN and ABC CORP.,<br><br>          Defendants. | Case No. 16-cv-8709 (WHP)<br><br>**REPLY DECLARATION OF DANIEL DADOUN IN SUPPORT OF MOTION FOR DISQUALIFICATION** |

DANIEL DADOUN declares as follows pursuant to 28 U.S.C. §1746:

1. I am a defendant in this action and the President of defendant Seldat, Inc. ("Seldat"). I respectfully submit this declaration in further support of defendants' motion to disqualify Gabriel Fischbarg as plaintiffs' counsel in this action and in response to Mr. Fischbarg's July 18, 2017 declaration.

2. Defendants' initial motion papers demonstrated that Mr. Fischbarg has been less than candid with the Court. Mr. Fischbarg represented at a Court conference that he had only a brief conversation with me, which I supposedly initiated. We then produced records showing that the call was for 23 minutes and was initiated by Mr. Fischbarg.

3. In the face of this irrefutable evidence, Mr. Fischbarg now falsely represents the content of our conversation in a manner that flies in the face of reason and common sense.

4. On September 11, 2016, when Mr. Fischbarg and I spoke, the most pressing legal issue Seldat had was with National Stores ("NSI"). Mr. Fischbarg admits that our call was about his potentially representing Seldat, but claims that I "never mentioned NSI or any dispute to me at

all". (para 2). I supposedly "described the job . . . as work only in negotiating employment and business contracts and drafting regulation filings." (para 3).

5. These assertions not only are false, but also make no sense. Mr. Fischbarg is a litigator and our discussions involved retaining him as a litigator, particularly with regard to the NSI dispute. We did not discuss Mr. Fischbarg doing regulatory work, which, as far as I know, Mr. Fischbarg has no background or experience in.

6. Finally, Mr. Fischbarg creates a straw man argument. He claims it is a "lie" for me to claim that I "hired" him to work on a dispute with NSI. (para 4). I never made such a claim. What I previously alleged and continue to allege now, is that Mr. Fischbarg and I had a lengthy conversation about the dispute Seldat was having with NSI, I relayed confidential information to him about that dispute and it is inappropriate and unethical for him to now sue Seldat, when the NSI dispute is central to the claims he is bringing.

I declare under penalty of perjury that the foregoing is true and correct. Executed at New York, New York on July 24, 2017.



DANIEL DADOUN